Okey, C. J.
From the record it appears that the plaintiff was employed as entry clerk for the defendants, merchants in Cincinnati, in the fall of 1873, and remained in such employment for six. months, when' he voluntarily left it. ITe was again employed by them in the fall of 1874, at a salary of $75 per month. In February, 1875, his compensation was, on his application, increased by the defendants, acting through Mr. Colclesser, their superintendent, to $1,100 per year, such new service to commence March 1,1875. Under this new arrangement, he remained in the service of the defendants until July 31, 1875, when he was discharged. During all the time he was in the defendants’ employ, ho received payment for his *433 services semi-monthly, as rendered, and the amount paid to him on July 31,1875, was in full for such services to that time. This suit was brought October 1, 1875, aud of course, if there was a valid contract for a year, the plaintiff was entitled to recover. 7 Am. L. Reg. N. S. 148.
The plaintiff testified that when he applied for such increase of salary, he stated that he wanted his situation made more permanent; but Mr. Colclesser testified that he had no recollection tbat such statement was made. There was no other conflict in the testimony, and the above statement contains the substance of all the evidence.
The court properly charged the jury, “that the issue presented was purely one of fact; that it was for the jury to say whether that which took place between the parties, as detailed by the evidence, constituted a hiring for a year; that it was a question of intention, to be determined with reference to all the circumstances and facts of the case; that the jury should consider the previous relationship of the parties, all that was said between Colclesser and plaintiff at each interview, and determine frpm these and all the circumstances whether it was the intention of the parties that there should be a yearly hiring.” But the court further charged the jury that “ a contract for a year will not be implied unless it was definitely agreed upon between the parties,” and “ if the jury find that nothing was said as to the duration of the service, the defendants were entitled to dissolve the relationship between the plaintiff and defendants- at the end of any month.” Furthermore, the court refused to charge, as requested by the plaintiff, that “ if the jury believe, from the testimony, that the plaintiff stated to Mr. Colclesser that he desired his employment to be made more permanent, aud that upon this statement an agreement was made to pay the plaintiff $1,100 a year, then the jury have a right to infer that this constituted a contract for a year.”
The rule, that from the mere fact that a servant has been hired, the law wid presume an employment for a year, is by no means inflexible even in England, and perhaps a hiring for a shorter period will be more readily inferred in this country than in England. There, as well as here, proof of the *434 periods at which payments were to be made, the character of the employment, custom, the course of dealing between the parties, or other fact which may throw light upon the question, is admissible. But in this case the facts recited in the request to charge were in harmony with the presumption, and we entertain no doubt that the plaintiff was entitled to such charge.
The alleged verbal contract was made in February, and was to continue for one year from the 1st of March, but payments were to be made semi-monthly. If this was an agreement within the statute of frauds (as to which see Abbott v. Inskip, 29 Ohio St. 49 ; Cawthorne v. Cordney, 13 C. B. N. S. 406; Banks v. Crossland, L. R. 10 Q. B. 97; Evans v. Roe, L. R. 7 C. P. 138), the objection was not made in the pleadings or on the trial, and will not be determined here. Townsley v. Moore, 30 Ohio St. 184. And whether the defendants desire, or should be permitted, to make the objection hereafter, are questions not before us for decision.

Judgment reversed.